UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN J. TAAFFE, <br><br> Plaintiff, <br><br> v. <br><br> SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, <br><br> Defendant. | No. 20 CV 3417 <br><br> Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

Karen Taaffe won a judgment against Donald Goshert for defamation and tortious interference. Goshert owes an outstanding balance. Taaffe, as Goshert's assignee, filed this lawsuit against Goshert's insurance company, Selective Insurance Company of the Southeast, claiming it had a duty to defend Goshert in the underlying lawsuit and pay damages.[1] Selective moves to dismiss the complaint and for the reasons discussed below, its motion is granted.

I. **Legal Standard**

A complaint must contain a short and plain statement that plausibly suggests the violation of a legal right. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–58 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009). At the motion

---

[1] Taaffe named Selective Insurance Company of America as the defendant. The correct defendant is Selective Insurance Company of the Southeast, which Taaffe does not dispute. [13] at 1. (Bracketed numbers refer to entries on the district court docket. Referenced page numbers are from the CM/ECF header placed at the top of documents.) The Clerk is directed to amend the caption to reflect the correct defendant.

to dismiss stage, I accept the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Iqbal* at 678–79. I do not accept allegations that are unsupported, conclusory, or legal conclusions. *Id.* I may consider documents attached to the complaint and documents that are referenced in and central to its claims. *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018).

## II. Facts

Karen Taaffe, a business manager, lost her job at a nursing facility because a resident's son, Donald Goshert, accused Taaffe of disclosing confidential financial information. [1-1] at 5, ¶¶ 5–7. Taaffe sued Goshert for defamation per quod and defamation per se, alleging injuries and damages including lost earnings, financial expenses, emotional distress, medical expenses, and other substantial financial losses. [1-1] at 4–6, ¶¶ 1–2, 9–11; [1-1] at 66–75. Goshert notified his insurance company, Selective Insurance Company of the Southeast, of the lawsuit and requested that it defend him. [1-1] at 6, ¶ 12. Under his homeowners policy, if a lawsuit was brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence," the insurance company would provide legal counsel, pay damages up to the policy limit, and cover certain medical expenses. [1-1] at 6, ¶ 13; [1-1] at 56. The policy defined "bodily injury" as "bodily harm, sickness or disease, including required care, loss of services and death that results." [1-1] at 6, ¶ 13; [1-1] at 46. "Property damage" meant "physical injury to, destruction of, or loss of use of tangible property." [1-1] at 46. An "occurrence" meant "an accident, including continuous or repeated exposure to substantially the same general harmful

conditions, which results, during the policy period, in 'bodily injury' or 'property damage.'" [1-1] at 6, ¶ 13; [1-1] at 46. Medical expenses were limited to those "within three years from the date of an accident causing 'bodily injury,'" and included ambulance, hospital, and other reasonable medical charges. [1-1] at 56. The policy excluded coverage for bodily injuries or property damage that were "expected or intended by the 'insured.'" [1-1] at 57. Selective concluded that Taaffe's lawsuit seeking compensation for defamation was not a "bodily injury" caused by an "occurrence" and denied coverage. [1-1] at 6–7, ¶¶ 13–14; [1-1] at 78–80. Selective did not file a declaratory judgment action regarding its duty to defend or indemnify Goshert. [1-1] at 7, ¶ 15.

Taaffe filed an amended complaint against Goshert, adding a new claim of tortious interference to her defamation claims, and alleged similar damages: lost earnings and income, financial expenses as a result of her termination, emotional distress, medical expenses, and substantial financial losses. [1-1] at 7, ¶¶ 16–17; [1-1] at 81–92. Selective denied coverage again. [1-1] at 8, ¶¶ 18–19; [1-1] at 97. Taaffe won the lawsuit. [1-1] at 99. A judgment of $100,000 was entered against Goshert, who still owes Taaffe money including substantial post-judgment interest. [1-1] at 9–10, ¶¶ 25, 27. Goshert assigned his rights under his insurance policy to Taaffe. [1-1] at 9–10, ¶ 26. Taaffe filed a lawsuit in state court against Selective, alleging Selective breached its duty to defend Goshert and pay damages. [1-1] at 4–10. Selective removed the case to federal court. [1].

**III. Analysis**

Under Illinois law, Taaffe must allege that her underlying complaint states facts that fall within or potentially within the scope of Goshert's insurance coverage. *See Scottsdale Insurance Company v. Columbia Insurance Group, Inc.*, 972 F.3d 915, 919 (7th Cir. 2020) (citing *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 125 (1992)).[2] To determine whether the insurance company had a duty to defend, a court compares the underlying complaint's allegations to the policy's language. *Outboard Marine Corp.*, 154 Ill.2d at 125. "The allegations in the underlying complaint must be liberally construed in favor of the insured," *id.*, and not hinge exclusively on the draftsmanship skills of the plaintiff. *Pekin Ins. Co. v. Wilson*, 237 Ill.2d 446, 460 (2010) (citation and quotation omitted). The rules of contract interpretation govern insurance policies. *Hobbs v. Hartford Ins. Co. of the Midwest*, 214 Ill.2d 11, 17 (2005). The court must construe the policy as a whole to ascertain the parties' intent and the meaning of the policy's words, considering the risk the policy seeks to undertake, the subject matter covered by the policy, and the policy's purpose. *Outboard Marine Corp.*, 154 Ill.2d at 108. Unambiguous words are afforded their plain, ordinary, and popular meaning. *Id.* Ambiguous words (ones susceptible to more than one reasonable interpretation) and any doubts are liberally construed in favor of the insured. *Id.* at 108–09. When the terms are unambiguous, the interpretation of a contract is a matter of law that the court can resolve on a motion

---

[2] The parties agree Illinois law applies to their contract dispute. *See Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 421 (7th Cir. 2016) (federal courts sitting in diversity apply the substantive law that Illinois courts would choose). As an assignee, Taaffe's rights are limited to those possessed by Goshert under the insurance policy. *See Guillen ex rel. Guillen v. Potomac Ins. Co. of Illinois*, 203 Ill.2d 141, 158 (2003).

to dismiss. *Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992) (citing *Quake Const., Inc. v. American Airlines, Inc.*, 141 Ill.2d 281, 288–89 (1990)). The duty to defend is broader than the duty to indemnify. *Outboard Marine Corp.*, 154 Ill.2d at 126–127.[3] Selective prevails only if it is clear from the face of the underlying complaint that the facts alleged do not fall within or potentially within the policy's coverage. *Id.* at 108.[4]

Taaffe's legal theories of defamation and tortious interference do not fall within the scope of coverage. The homeowners policy only covered lawsuits brought because of "bodily injury" or "property damage." [1-1] at 6, ¶ 13; [1-1] at 56. These terms are unambiguous. A "bodily injury" requires actual physical injury. [1-1] at 6, ¶ 13; [1-1] at 46. *See Health Care Industry Liability Ins. Program v. Momence Meadows Nursing Center, Inc.*, 566 F.3d 689, 696, n.10 (7th Cir. 2009) (citing *SCR Medical Transp. Services, Inc. v. Browne*, 335 Ill.App.3d 585, 592 (1st Dist. 2002) ("where a policy defines 'bodily injury' as 'bodily injury,' and not just 'injury,' the definition is restricted to actual physical injury") (collecting cases)). Property damage based on

---

[3] The duty to defend arises if the issue potentially falls within the policy's coverage, whereas the duty to pay, i.e. indemnify, only arises if the issue actually falls within the policy's coverage. *Outboard Marine Corp.*, 154 Ill.2d 90, 126–127 (1992).

[4] Selective does not need to establish that its denial of coverage was "clear and free from doubt." *See Evergreen Real Estate Services, LLC v. Hanover Insurance Co.*, 2019 IL App (1st) 181867, ¶ 25 (if an exclusionary clause is relied upon to deny coverage, its applicability must be clear and free from doubt). The insured bears the initial burden to prove its claim falls within coverage; the burden then shifts to the insurer to prove that a limitation or exclusion applies. *PQ Corporation v. Lexington Insurance Company*, 860 F.3d 1026, 1033 (7th Cir. 2017) (citing *Addison Ins. Co. v. Fay*, 232 Ill.2d 446, 453–54 (2009)). Because Selective took the position that "none of the claims being asserted in the lawsuit [qualified] for coverage" under Goshert's policy, [1-1] at 78, 97, the burden never shifted to Selective to establish that a limitation or exclusion applied.

"physical injury to" or "destruction of" property, [1-1] at 46, requires damage that physically alters tangible property and does not include intangible damage to property, such as economic loss. *Travelers Ins. Co. v. Eljer Mfg., Inc.*, 197 Ill.2d 278, 312 (2001). Because defamation concerns false statements and tortious interference concerns business relationships, these legal claims do not suggest Taaffe suffered "bodily injury" or "property damage," as defined by Goshert's homeowners policy. *See Green v. Rogers*, 234 Ill.2d 478, 491, 495 (2009) (a per se or per quod defamation claim requires showing the defendant made a false statement about the plaintiff to a third party that caused damages); *Fellhauer v. City of Geneva*, 142 Ill.2d 495, 511 (1991) (a tortious interference claim requires showing the plaintiff's reasonable expectation of entering into a valid business relationship; the defendant's knowledge of the plaintiff's expectancy; purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and damages to the plaintiff resulting from such interference).

Similarly, Taaffe's allegations of damages fail to suggest "bodily injury." Emotional distress is not a "sickness" within the meaning of "bodily injury." *See Health Care Industry Liability Ins. Program*, 566 F.3d at 696–97 (emotional distress is not a "bodily injury," where the term is defined as "bodily injury, sickness or disease sustained by a person"); *University of Illinois v. Continental Cas. Co.*, 234 Ill.App.3d 340, 361–62 (4th Dist. 1992) (policies defining "bodily injury" as "bodily injury" could not be broadened to include mental distress, whereas policies defining "bodily injury" as "injury" included nonphysical injuries); *Zurich Ins. Co. v. Raymark Industries, Inc.*,

6

118 Ill.2d 23, 44 (1987) (allegations of "sickness" triggered coverage when the sickness was caused by physical harm, the inhalation of asbestos). Additionally, Taaffe's "loss of services" was not potentially covered because her inability to work was the result of her termination and not a "bodily injury" as defined by the policy. *See e.g. Cross v. Country Companies*, 188 Ill.App.3d 847, 850 (4th Dist. 1989) (loss of services was not a separate bodily injury but instead, explained the extent of liability coverage); *McKinney v. Allstate Ins. Co.*, 188 Ill.2d 493, 498–500 (1999) (describing similar limitation of liability clauses). Even if Taaffe had pled that she went to the emergency room because of her termination, her medical expenses would not be within potential coverage because the policy only paid medical expenses caused by "bodily injury." [1-1] at 56.[5]

Finally, Taaffe's employment was not "tangible property," and therefore her termination and the resulting financial damages (like lost earnings, income, expenses) are not "property damage" as defined by Selective's insurance policy. *See Moorman Mfg. Co. v. National Tank Co.*, 91 Ill.2d 69, 82–83 (1982) (noting that property damage usually involves some violence or collision with external objects and describing loss without property damage as economic loss). Even if Taaffe had pled that she lost her home as a result of the termination, that harm does not amount to the "loss of use of tangible property." *See Illinois Municipal League Risk Management*

---

[5] Sometimes evidence outside the underlying complaint may be considered, like documents submitted with the pleadings, or true but unpled facts that the insurer had knowledge of. *See e.g. Pekin Ins. Co. v. Wilson*, 237 Ill.2d 446, 459 (2010); *General Casualty Company of Wisconsin v. Burke Engineering Corporation*, 2020 IL App (1st) 191648, ¶ 42.

7

*Association v. City of Collinsville*, 2018 IL App (4th) 170015, ¶¶ 34–37 (where an owner alleges a permanent deprivation of property, that owner has suffered a "loss" not a "loss of use"). Under the plain and ordinary meaning of the insurance contract, it is clear from the face of Taaffe's underlying complaint that her allegations do not fall within or potentially within the policy's coverage. Even with liberal construction in favor of coverage, it is too much of a stretch to suggest defamation, tortious interference, and the consequences of being terminated amount to harm covered by this typical homeowners insurance policy. Because Selective did not breach its duty to defend, Selective is not estopped from denying Taaffe coverage. *See Essex Insurance Company v. Blue Moon Lofts Condominium Association*, 927 F.3d 1007, 1012 (7th Cir. 2019) (citing *Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 186 Ill.2d 127, 150 (1999)) (when there is clearly no coverage or potential coverage, estoppel does not apply). While Goshert is still on the hook for the judgment against him, Selective is not. Taaffe's complaint is dismissed with prejudice. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) (dismissal with prejudice is warranted where it is certain from the face of the complaint that amendment would be futile).[6]

---

[6] Because Taaffe's underlying lawsuit was not because of "bodily injury" or "property damage," I need not reach the question of whether the injuries she suffered were caused by an "accident" under the terms of the policy. Nor do I analyze whether a conflict of interest existed between Taaffe and Selective because that only matters if Selective provided Goshert's defense. *See Thornton v. Paul*, 74 Ill.2d 132 (1978), *overruled in part on other grounds*, (a conflict of interest exists if the interests of the insurer would be furthered by providing a less than vigorous defense to the allegations against the insured).

## IV. Conclusion

The defendant's motion to dismiss, [12], is granted, and the plaintiff's complaint is dismissed with prejudice. Enter judgment and terminate civil case.

E<small>NTER</small>:

                                                Manish S. Shah
                                                United States District Judge

Date: October 22, 2020